IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WINFRED TRAVIS, | : | CIVIL ACTION NO. **3:CV-10-2653** |
| Administratrix of the Estate of | : | |
| Wilfred Travis, Deceased | : | |
| Plaintiff | : | (Judge Kosik) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| T.R. SNIEZEK, WARDEN, | : | |
| FCI Schuylkill, et al., | : | |
| | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

On December 28, 2010, Plaintiff Winfred Travis (hereinafter "Plaintiff"), Administratrix of

the Estate of Wilfred Travis, deceased, filed, through counsel, this action which is, in part, a *Bivens*

civil rights case pursuant to 28 U.S.C. § 1331.[1]  (Doc. 1).  Plaintiff's decedent is his son Wilfred

Travis (hereinafter "Travis"), a federal  inmate who was confined at the Federal Correctional

Institution in Schuylkill, Minersville, Pennsylvania ("FCI-Schuylkill"), from December 12, 2006 until

_____

[1]*See Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91
S.Ct. 1999 (1971).   Plaintiff's action falls within 28 U.S.C. § 1331 ("The district courts shall have
original jurisdiction of <u>all</u> civil actions arising under the Constitution, laws or treaties of the
United States." (Emphasis added).
    Plaintiff's case is, in part, a *Bivens* action since Plaintiff seeks monetary damages from
federal officials for alleged violations of his decedent's constitutional rights. *See Oriakhi v. Wood*,
2006 WL 859543, * 1, n. 1 (M.D. Pa.); *Conway v. Lindsay*, 2009 WL 1956282 (M.D. Pa.).
However, Plaintiff incorrectly indicated that his case was also filed under 42 U.S.C. §1983.
(Doc. 1, p. 1).  Because Plaintiff is not complaining that Travis' constitutional rights were violated
by any state actor or state agency Defendant, this is not a §1983 civil rights action.  *See
Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M.D. Pa 2005);
*Rice v. Reynolds*, 2009 WL 839133, *1, n. 3 (E.D. Pa. 3-27-09).  As such, all of Plaintiff's claims
under §1983 should be dismissed with prejudice.

August 27, 2009, when he was transferred to Federal Medical Center Butner, North Carolina ("FMC Butner").[2]   Wilfred Travis died on October 3, 2009, at FMC Butner  and his cause of death was metastatic colorectal carcinoma.  (Doc. 18-1, p. 44).   Plaintiff paid the filing fee.

In addition to §1331, Plaintiff stated in his Complaint that it was filed under "42 U.S.C. §1983 and 1988 ... ; under the Federal Tort Claims Act ["FTCA"];  under the Americans with Disabilities Act 42 U.S.C. § 12101 and 12131, *et seq.*; and under the First, Fifth, Eighth and Fourteenth Amendments  to the United States Constitution."  (Doc. 1, p. 1).   Plaintiff further invoked this Court's pendent jurisdiction, under 28 U.S.C. §1367,  over his Pennsylvania state law claims pursuant to the Wrongful Death Act, 42 Pa. C.S.A. §8301, and the Survival Act, 42 Pa. C.S.A. §8302, as well as his Pennsylvania state law claims for Intentional Infliction of Emotional Distress ("IIED") and Negligent Infliction of Emotional Distress.

Specifically, in Count One, Plaintiff raises constitutional claims against Defendants under the Eighth Amendment for failing, due to deliberate indifference, to properly diagnose Travis' malignancy and to provide Travis with proper medical care for Travis' serious condition, namely, colon cancer. (Doc. 1, pp. 13-18).   As noted, to the extent Plaintiff states that his constitutional claims are, in part, under §1983, we find that these claims are bought only under §1331 since they

---

[2]Inexplicably, the Complaint's caption indicates that the Plaintiff is Winfred Travis, Administratrix of the Estate of Wilfred Travis, deceased.  However, in the body of the Complaint under Parties section, the sole Plaintiff is stated to be Beulah Travis, who was allegedly appointed by the Montogmery County, Maryland Circuit Court as  Administratrix of the Estate of Wilfred Travis. Winfred Travis is the father of Wilfred and Beulah Travis is the mother of Wilfred.  (Doc. 1, pp. 1-2).   Further, in their filings subsequent to the Complaint, both parties continue to indicate in their captions that the Plaintiff is Winfred Travis, Administratrix of the Estate of Wilfred Travis, deceased. Thus, we refer to Winfred Travis as the Plaintiff herein.

are asserted against federal officials and not state officials. *See Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d at 498-499; *Woods v. Federal Bureau of Prisons*, 2011 WL 6888648 (M.D. Pa. 11-22-11).   Also, insofar as Plaintiff raises his Count One constitutional claims against Defendants under the Fifth Amendment and insofar as Plaintiff's Fifth Amendment claims only pertains to Travis' medical care, we find that since the Eighth Amendment encompasses Plaintiff's claims, the Fifth Amendment is not applicable and is duplicative of Plaintiff's Eighth Amendment claims. *See Rice v. Reynolds*, 2009 WL 839133, *6 (E.D. Pa. 3-27-09)(citing *Albright v. Oliver*, 501 U.S. 266, 114 S.Ct. 807 (1994)); *Cooleen v. Lamanna*, 248 Fed. Appx. 357, 362 (3d Cir. 2007). Thus, Plaintiff's Fifth Amendment claims should be dismissed with prejudice.

In Count Two, Plaintiff asserts his FTCA claims and general negligence claims. (*Id.*, pp. 19-21).   Plaintiff asserts a failure to train, supervise and regulate staff claim in Count Three. (*Id.*, pp. 22-23).   Count Three is based on negligence.   In Count Four, Plaintiff raises a medical malpractice claim which is also a negligence claim. (*Id.*, p. 24).   As noted below,  to the extent Plaintiff is raising professional medical malpractice claims, he was required under Pennsylvania state law to file a Certificate of Merit ("COM").   Count Five is Plaintiff's ADA claim.   Counts Six and Seven are Plaintiff's Pennsylvania state law claims for Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress. (*Id.*, pp. 25-27).   Counts Eight and Nine are Plaintiff's Pennsylvania state law claims pursuant to the Wrongful Death Act, 42 Pa. C.S.A. §8301, and the Survival Act, 42 Pa. C.S.A. §8302.  (*Id.*, pp. 27-29).

Named as Defendants in the Complaint are the following former and current employees of the Federal Bureau of Prisons ("BOP") at FCI-Schuylkill: T.R. Sneizek, Warden; Russell C.

Hendershot, Health Services Administrator ("HSA"); Eileen Falzini, HSA; Kenton Hubble, Physician's Assistant ("PA"); David N. Steffan, PA; and Brigida Zabala, PA.   Also named as Defendants are the BOP and various unknown agents and employees of the BOP whose names and addresses are unknown and undiscoverable at this time.   As mentioned, there are no state actor or state agency Defendants named in this case.   Defendants Sneizek, Hendershot, Falzini, Hubble and Zabala were no longer employed at FCI-Schuylkill when Plaintiff filed this action and Plaintiff was well aware of this fact.   (Doc. 1, ¶'s 8-13).

Plaintiff essentially alleges that Defendants violated Travis' constitutional rights and, that Defendants were negligent for failing and refusing to properly diagnose and treat Travis for malignant colorectal cancer which caused Travis to succumb to the cancer on October 3, 2009. As relief, Plaintiff seeks compensatory and punitive damages.  (Doc. 1, p. 29).  Plaintiff did not state if he sued the individual Defendants in their personal and/or official capacities.[3]

To date, the only individual Defendant who has been properly served by Plaintiff with his Complaint is PA Steffan.  Defendants Sneizek, Hendershot, Falzine, Hubble and Zabala, the former employees at FCI-Schuylkill, have not been properly served by Plaintiff.  Also, Defendant United

---

[3]We note that Defendants are correct and that Plaintiff cannot sue the BOP Defendants for monetary damages in their official capacities with respect to his constitutional claims under *Bivens*. *See Breyer v. Meissner*, 23 F. Supp. 2d 540, 544 (E.D. Pa. 1998)**;** *Douglas v. BOP,* Civil No. 08-0140 (M.D. Pa.); *Braget v. U.S. Bureau of Prisons*, 2011 WL 7658892 (M.D. Pa. 12-28-11) adopted by 2012 WL 1165465 (M.D. Pa. 4-9-12).   As such, Plaintiff's claims for damages with respect to his constitutional claims under *Bivens* that are asserted against Defendants in their official capacities should be dismissed with prejudice.

States, which was substituted for Defendant BOP with respect to Plaintiff's FTCA claims, has been properly served.  Since Plaintiff paid the filing fee and he is represented by counsel, it was incumbent on Plaintiff to properly serve Defendants.  We find that Plaintiff has not shown good cause for his continued failure to properly serve all of the individual Defendants, and we shall recommend that Defendants Sniezek, Hendershot, Falzine, Hubble and Zabala be dismissed from this action under Fed.R.Civ.P. 4(m) due to Plaintiff's failure to properly serve them within the required time as Defendants request.  In fact, as discussed below, the 120-day period under Fed.R.Civ.P. 4(m) to serve Defendants Sniezek, Hendershot, Falzine, Hubble and Zabala has expired twice.   Additionally, despite Defendants' pending dispositive motion seeking, in part, dismissal of the five unserved individual Defendants under Fed.R.Civ.P. 4(m) , Plaintiff has still failed to properly serve Defendants Sniezek, Hendershot, Falzine, Hubble and Zabala.

Also, Defendant BOP is not a proper Defendant with respect to Plaintiff's constitutional claims under *Bivens*.  *See FDIC v. Meyer*, 501 U.S. 471, 475 (1994); *Braget v. U.S. Bureau of Prisons*, *supra*.  Further, neither the individual Defendants nor Defendant BOP are  proper Defendants with respect to Plaintiff's negligence claims under the  FTCA. Rather, only the United States is the proper Defendant with respect to a claim under the FTCA.  *See Thomas v. U.S.*, 558 F.Supp. 2d 553, 554 (M.D. Pa. 2008); *Braget v. U.S. Bureau of Prisons*, *supra*.  Also, Plaintiff can only assert his negligence claims in this action under the FTCA, *i.e.*, Counts Two, Three, Four, Seven, Eight and Nine. Thus, we shall recommend that all of Plaintiff's negligence claims against the individual Defendants and Defendant BOP be dismissed with prejudice.  Additionally, we shall recommend that Defendant BOP be dismissed entirely from this action with prejudice.

5

On September 8, 2011, we issued an Order granting Defendants Steffan and BOP's Motion for an extension of time to respond to Plaintiff's Complaint and Motion to substitute the United States for the BOP as the Defendant with respect to Plaintiff's FTCA claims. (Doc 16).  Defendant BOP was still a named Defendant with respect to Plaintiff's constitutional claims under *Bivens*. However, as stated above, Defendant BOP is not a proper Defendant in a *Bivens* action and we shall recommend that Defendant BOP be dismissed with prejudice from this case.

In response to Plaintiff's Complaint, Defendants PA Steffan and the United States jointly filed a Motion to Dismiss and/or, in the alternative, for Summary Judgment on November 7, 2011. (**Doc. 17**).  On November 21, 2011, Defendants filed their Statement of Material Facts ("SMF"), Exhibits and support brief.  (Docs. 18, 18-1 & 19, respectively).  On December 29, 2011, Plaintiff filed his opposition brief with an attached Exhibit, and his response to Defendants' SMF.  (Docs. 26 & 27).   Defendants filed their reply brief with Exhibits on January 18, 2012.  (Doc. 38). Defendants' Doc. 17 motion is ripe for disposition.  We have been assigned this case for pre-trial matters.

On January 6, 2012, we issued an Order and granted Defendants' Motion for a Protective Order regarding Plaintiff's discovery requests directed to Defendants and stayed Defendants' discovery responses  until the Court decided Defendants' Doc. 17 motion.    (Doc. 33).

Defendants argue, in part, that Plaintiff failed to properly exhaust his BOP administrative tort remedies regarding his negligence claims under the FTCA.  Defendants also argue that Defendant PA Steffan was not personally involved with Travis' medical care for his cancer condition and symptoms.  Since both parties filed exhibits with respect to the stated two arguments and since we

consider them herein, we examine Defendants' Doc. 17 Motion with respect to these issues as one for Summary Judgment under Fed.R.Civ.P. 56.  To the extent Defendants argue that Plaintiff's ADA claim should be dismissed, that Plaintiff's constitutional claims against them in their official capacities should be dismissed and, that Defendants Sniezek, Hendershot, Falzine, Hubble and Zabala should be dismissed from this action under Fed.R.Civ.P. 4(m) due to Plaintiff's failure to properly serve them within the required time, we consider Defendants' Doc. 17 Motion as one to Dismiss under Fed.R.Civ.P. 12.

## II. Motion to Dismiss Standard.

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009).  "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).
>
> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co.*

*of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
*Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).

*See also Banks v. County of Allegheny*, 568 F.Supp.2d 579, 588-89 (W.D. Pa. 2008).

## III. Summary Judgment Standard.

A motion for summary judgment may not be granted unless the moving party is entitled to judgment as a matter of law.   Fed.R.Civ.P. 56.   The court may grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to any material fact.   Fed.R.Civ.P. 56(c).   An issue of fact is "'genuine' only if a reasonable jury, considering the evidence presented, could find for the nonmoving party." *Childers v. Joseph*, 842 F.2d 689, 693-694 (3d Cir. 1988) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).   A fact is "material" if proof of its existence or non-existence could affect the outcome of the action pursuant to the governing law.   *Anderson*, 477 U.S. at 248.   "Facts that could alter the outcome are material facts." *Charlton v. Aramus Bd. of Educ.*, 25 F. 3d 194, 197 (3d Cir.), *cert. denied*, 513 U.S. 1022 (1994).

The burden of proving that there is no genuine issue of material fact is initially upon the movant. *Forms, Inc. v. American Standard, Inc.*, 546 F. Supp. 314, 320 (E.D. Pa. 1982), *aff'd mem.*

725 F.2d 667 (3d Cir. 1983).  Upon such a showing, the burden shifts to the nonmoving party.
*Id*.  The nonmoving party is required to go beyond the pleadings and by affidavits or by
"depositions, answers to interrogatories and admissions on file" designate "specific facts showing
that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

In determining whether an issue of material fact exists, the court must consider the
evidence in the light most favorable to the nonmoving party.  *White v. Westinghouse Electric
Company*, 862 F.2d 56, 59 (3d Cir. 1988).  In doing so, the court must accept the nonmovant's
allegations as true and resolve any conflicts in his favor.  *Id.*, quoting *Gans v. Mundy*, 762 F.2d 338,
340 (3d Cir. 1985), *cert. denied,* 474 U.S. 1010 (1985); *Goodman v. Mead Johnson & Co.*, 534
F.2d 566, 573 (3d Cir. 1976) *cert. denied*, 429 U.S. 1038 (1977).

Under Rule 56 summary judgment must be entered where a party "fails to make a showing
sufficient to establish the existence of an element essential to that party's case, and on which that
party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Moreover, the Third Circuit has indicated that "although the party opposing summary
judgment is entitled to 'the benefit of all factual inferences in the court's consideration of a motion
for summary judgment, the nonmoving party must point to some evidence in the record that
creates a genuine issue of material fact,' and 'cannot rest solely on assertions made in the
pleadings, legal memorandum or oral argument.'" *Goode v. Nash*, 2007 WL 2068365 (3d Cir.
2007)(Non-Precedential)(citation omitted).

Thus, "summary judgment is proper, when, viewing the evidence in the light most favorable
to the non-movant, there is no genuine issue of material fact and the moving party is entitled to

judgment as a matter of law." *Anderson v. General Motors*, 2009 WL 237247, *2 (3d Cir.)(citation omitted); *Page v. Trustees of Univ. of Pennsylvania*, 222 Fed. Appx. 144 at 145 (3d Cir. 2007) (the court must "view the facts in the light most favorable to the party opposing the [summary judgment] motion when making [its] determination."); *Burlington v. News Corp.*, 759 F.Supp. 2d at 589-90.

## IV. *Bivens* Standard.

As mentioned, Plaintiff filed his Complaint, in part, as a *Bivens* action. The Third Circuit stated in *Banks v. Roberts*, 2007 WL 3096585, *1 n.1, 251 Fed. Appx. 774 (3d Cir. 10-19-07) (non-Precedential), "[a] *Bivens* action is a commonly used phrase for describing a judicially created remedy allowing individuals to seek damages for unconstitutional conduct by federal officials. This constitutional tort theory was set out in *Bivens v. Six Unnamed Officials of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)."

In *Naranjo v. Martinez*, 2009 WL 4268598, *6 (M.D. Pa.), the Court stated:

> *Bivens* creates no substantive rights, but rather allows "a citizen suffering a compensable injury to a constitutionally protected interest [to] invoke the general federal-question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). A civil rights claim brought under Bivens is the federal counterpart to an action brought under 42 U.S.C. § 1983, and the same legal principles governing a § 1983 claim apply to a *Bivens* claim. *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir.2001); *Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir.1975); *Cyrus v. Hogsten*, No. 06-2265, 2007 WL 88745, at *3 (M.D.Pa. Jan.9, 2007). To state a claim under *Bivens,* the plaintiff must show that the defendant, acting under color of Federal law, deprived him of a right secured by the Constitution or laws of the United States. *Brown*, 250 F.3d at 800; *Cyrus*, 2007 WL 88745, at *3.

> Civil rights claims may only be brought against "persons." 42 U.S.C.
> § 1983. Individual liability in a civil rights action is personal in nature,
> and a defendant is liable only if he was personally, affirmatively involved
> in the alleged malfeasance. *C.N. v. Ridgewood Bd. of Educ.*, 430 F.3d 159, 173,
> 3d Cir.2005); *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1294     ( 3 d
> Cir.1997), abrogated in part on other grounds by *Burlington N. & Santa Fe Ry.
> Co. v. White*, 548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006) (citing
> *Rhode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988). Further, "[b]ecause
> vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must
> plead that each Government-official defendant, through the official's own
> individual actions, has violated the constitution." *Ashcroft v. Iqbal*, --- U.S. ----,
> 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009) (collecting cases).

*See also Mitchell v. Dodrill*, 696 F.Supp.2d 454 (M.D. Pa. 2010).

**V. Statement of Material Facts**.

As one of their summary judgment arguments, Defendants assert that Plaintiff failed

to exhaust his BOP tort claim administrative remedies, prior to filing his Complaint, with

respect to his claims for negligence under the FTCA.   Defendants also argue that Defendant

PA Steffan was not personally involved with Travis' serious medical condition regarding his

colon cancer with respect to Plaintiff's Eighth Amendment denial of proper medical care

claims brought under *Bivens*.

As stated, Defendants filed their SMF with citation to the evidence  (Doc. 18), as

required by Local Rule 56.1, M.D. Pa., which support their positions that Plaintiff did not

exhaust his tort claim administrative remedies with the BOP and, that Defendant PA Steffan

was not personally involved with Travis' treatment regarding his colon cancer. (Doc. 18,

¶'s 1.-5. and, ¶'s 6.-27. and Doc. 18-1, Exs. 2 & 3 and Attachments).   Also, Defendants

submitted exhibits with their SMF to support their contentions.  (Doc. 18-1, attached exhibits).

Plaintiff filed his paragraph-by-paragraph response to Defendants' SMF, but he largely

contends that since he does not yet have Traivs' medical records and since Defendants have not responded to his discovery requests, he is not able to respond to many of Defendants' SMF regarding whether Defendant PA Steffan was personally involved with Travis' serious medical condition regarding his colon cancer.[4]   However, with respect to ¶'s 1-5 of Defendants' SMF, Plaintiff concedes that neither Travis' estate nor Travis filed an administrative tort claim with the BOP.  In fact, Plaintiff states that "[n]o proceeding has been instituted under the [FTCA], which is in fact an elective proceeding that need not be pursued as a condition to the bringing of an action under Section 1983 or for ancillary relief."  (Doc. 27, p. 1).   As repeatedly mentioned, Plaintiff cannot proceed with his constitutional claims under §1983 despite his continued misplaced references to §1983.

In any event, none of Defendants' SMF which pertain to Plaintiff's  failure to exhaust argument with respect to Plaintiff 's FTCA claims are denied by Plaintiff, and we do not find that he submitted any evidence to show that he (or Travis)  properly exhausted his FTCA claims against Defendant United States.   Thus, Plaintiff does not dispute Defendants' contention and evidence which shows that he failed to exhaust his present FTCA claims against Defendant United States.  In fact, as Defendants points out in their reply brief (Doc. 38, p. 10), Plaintiff states in his opposition brief that he is not proceeding under the FTCA and he asks the Court to strike the portions of his Complaint pertaining to the FTCA.  (Doc. 26,

---

[4]As stated, we granted Defendants' Motion for a Protective Order staying discovery until the Court rules on Defendants' pending Doc. 17 motion.  (Doc. 33).  Nonetheless, Defendants have submitted the relevant medical records regarding PA Steffan's treatment of Travis.

pp. 9-10).  Plaintiff also points out that he is proceeding with his constitutional claims against

the individual Defendants under the Eight Amendment.[5]  (*Id.*, pp. 10-12).   As discussed

below, we shall recommend that all of Plaintiff's negligence claims under the FTCA be

dismissed with prejudice.

Since Defendants have properly filed their SMF in support of their Summary Judgment

Motion (Doc. 18), as required by Local Rule 56.1 of M.D. Pa., and their facts are all properly

supported by evidence, and since Plaintiff failed to properly respond to Defendants' SMF, we

shall accept all of Defendants' facts contained in their SMF.  We find no credence to Plaintiff's

contention that he was not able to obtain Travis' medical records from the BOP and cannot

---

[5]Plaintiff was also required to properly exhaust his available administrative remedies with the BOP regarding his constitutional claims against the individual Defendants. In *Banks v. Lappin,* 2009 WL 2486341, *3  (M.D. Pa.), the Court stated:

> Prisoners must comply with the PLRA exhaustion requirement as to any claim that arises in the prison setting, regardless of the nature of the claim or the relief sought. *See Porter v. Nussle,* 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Booth v. Churner,* 532 U.S. 731, 741 n. 6, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). Furthermor**e, courts are not permitted to "excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."** *Nyhuis v. Reno,* 204 F.3d 65, 73 (3d Cir.2000) (quoting *Beeson v. Fishkill Corr. Facility,* 28 F.Supp.2d 884, 894-95 (S.D.N.Y.1998)); *see also Woodford v. Ngo,* 548 U.S. 81, 92-94, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (explaining that the PLRA mandates that inmates "properly" exhaust their claims before filing suit in federal court).

*See also Accolla, supra.*

Thus, Plaintiff was required to exhaust his administrative remedies before he filed his instant action under *Bivens*.  *See Walker v. Health Services, Lewisburg Penitentiary*, 2007 WL 1395361, * 3 (M.D. Pa.).  Defendants do not base their Doc. 17 Motion on any failure by Plaintiff to exhaust his administrative remedies with respect to his constitutional claims before he filed his instant action under *Bivens*.

respond to Defendants' SMF regarding the involvement of Defendant PA Steffan with Travis' care during his confinement at FCI-Schuylkill. Defendants' evidence shows that Plaintiff did not properly request Travis' medical records from the BOP and that is the reason why he does not have them. (Doc. 38-4, pp. 6-8). Again, we emphasize that Plaintiff is not proceeding *pro se* in this case and has counsel who is experienced in filing civil rights actions against BOP prison staff. *See Rice v. Reynolds*, 2009 WL 839133 (E.D. Pa. 3-27-09). Further, none of Defendants' facts in their SMF are properly disputed by Plaintiff with citation to evidence. Thus, we find that Plaintiff has not properly responded to Defendants' SMF as required by Local Rule 56.1, M.D. Pa. *See Cyrus v. Laino*, Civil No. 08-1085, M.D. Pa.; *Cyrus v. Freynik*, Civil No. 08-2278, M.D. Pa.; *Michatavi v. Martinez*, 2009 WL 5172962 (M.D. Pa.); *Hemingway v. Ellers,* 2008 WL 3540526 (M.D. Pa.)*; Accolla v. U.S.*, 2009 WL 3625383 (M.D. Pa.), affirmed 2010 WL 763550 (3d Cir.)(court found that since Plaintiff inmate in civil rights action did not properly respond to prison staff Defendants' statement of facts as required by L.R. 56.1, M.D. Pa., Defendants' statement of facts were undisputed). Regardless of Plaintiff's failure to properly deny Defendants' statement of facts, we accept Defendants' statement of facts since they are all supported by their evidence.

Thus, with respect to all Plaintiff 's negligence claims which must be brought under the FTCA and must only be brought against Defendant United States, there is no dispute that "[n]either Travis, nor his estate, has filed an administrative tort claim with the BOP." (Doc. 18, ¶ 5).

We find that Defendants' undisputed evidence concerning the personal involvement of Defendant PA Staffan with Travis' serious condition regarding his colon cancer, during Travis' confinement at FCI-Schuylkill, to be as follows:[6]

> 8.   [Inmate] Travis [Fed. Reg. No. 39271-037] was not assigned to Defendant Steffan's caseload, and therefore, Defendant Steffan was not Travis' primary care provider.
>
> 11.   Defendant Steffan examined [and treated] Travis three times while he was confined at FCI Schuylkill [July 23, 2009 for breathing problems, July 27, 2009, follow-up for bronchitis and viral pneumonia and July 28, 2009, for follow-up respiratory encounter and Travis told Steffan he felt better].
>
> 26.   Defendant Steffan was not involved with the care or treatment of Travis's colon cancer condition.
>
> 27.   Defendant Steffan never denied Travis any necessary medical treatment.

## VI. Discussion.

Presently pending before the Court is Defendants' dispositive motion, Doc. 17.   Counsel for Defendant Steffan notes that the Doc. 17 Motion is also filed on behalf of the United States to the extent Plaintiff raises negligence claims under the FTCA.   Plaintiff did not name the United States as a Defendant even though his Complaint clearly raises FTCA claims.   As stated, only the Untied States is the proper Defendant in an FTCA action and we have substituted the United States as the Defendant in place of the BOP with respect to Plaintiff's FTCA claims. (Doc. 16). Additionally, Plaintiff cannot assert any of his negligence claims against the individual Defendants

---

[6]We omit the citations to the evidence stated in Defendants' SMF regarding the quoted paragraphs.  (Doc. 18).  We note that we found Defendants' cited evidence to support their SMF.

and he must assert all of his negligence claims against only the United States through the FTCA. *See Thomas, supra;  Woods v. Federal Bureau of Prisons*, 2011 WL 6888648 (M.D. Pa. 11-22-11); *Braget,* 2011 WL 7658892, *5. Thus, the United States is the only proper Defendant in a FTCA suit, and the United States has waived sovereign immunity for an FTCA action.  *See Braget,* 2011 WL 7658892, *6;  *Sash v. Hogsten*, 2008 WL 618945 (M.D. Pa.). The provisions of the FTCA govern all claims against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment.  28 U.S.C. § 2675(a); see *also Braget,* 2011 WL 7658892, *6;  *Rosario v BOP*, 2007 WL 951468, *4 (M.D. Pa.).  According to the FTCA, "an action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a).  Thus, a private Plaintiff may not sue the United States  under the FTCA without first having filed a claim with the appropriate responsible federal agency. *Id.; see Albani v. U.S.*, 2010 WL 2364426, *6 (E.D. Pa. June 09, 2010).[7]

Accordingly, we agree with Defendants (Doc. 38, p. 20), that all of Plaintiff's negligence claims, including Plaintiff's state law tort claims as well as his claims under Pennsylvania's wrongful

---

[7]As stated above, Defendants' Ex. 2 to their Doc. 18-1 shows that  Plaintiff failed to exhaust his administrative remedies by filing a tort claim with the BOP as required under the FTCA.   Plaintiff does not dispute this fact.

death and survival statutes and for negligent infliction of emotional distress, namely, Counts Two,

Three, Four,  Seven, Eight and Nine**,** must be raised under the FTCA.

In *Belcher v. U.S.,* 2005 WL 2175709, *3 (M.D. Pa. September 06, 2005), the Court stated:

> Prior to filing an FTCA action against the United States, a plaintiff must
> first have presented the claim to the appropriate federal agency and
> the claim must have been denied. *See* 28 U.S.C. § 2675. Except for
> limited circumstances, an FTCA claim in federal court is limited to recovery
> of the sum certain amount requested in the underlying administrative
> claim. *See McMichael v. United States,* 856 F.2d 1026, 1035 (8th Cir.1988).

(footnote omitted).

Defendants' evidence shows that neither Travis nor Plaintiff, as representative of Travis'

estate, filed an administrative tort claim with the BOP regarding the alleged negligent conduct in

this case.  (Doc. 18-1,  Ex. 2).   Thus, we find that Plaintiff did not exhaust a tort claim with the BOP

as required under the FTCA.

Plaintiff clearly raised several negligence claims in his Complaint and these claims must be

brought under the FTCA.  In fact, Count Two of his Complaint raises  claims under the FTCA and

general negligence claims.  (Doc. 1, pp. 18-21).   Plaintiff also raises negligence claims in  Counts

Two, Three, Four,  Seven, Eight and Nine.  All of Plaintiff's negligence claims must be raised only

against the United States under the FTCA.  As stated, Defendants' undisputed evidence shows that

neither Travis nor his estate *(i.e.* Plaintiff) filed an administrative tort claim with the BOP.  (Doc. 18,

p. 3,  ¶ 5 & Doc. 18-1, p. 38, ¶ 6).    Further, as mentioned, Plaintiff states in his opposition brief

that he requests the Court to strike the portions of his Complaint which refer to the FTCA. (Doc.

26, p. 10).

Thus, we shall recommend that Defendants' Doc. 17 Motion for Summary Judgment with respect to all of Plaintiff's negligence claims, namely, Counts Two, Three, Four, Seven, Eight and Nine, be granted and, that Judgment be entered in favor of Defendant United States and against Plaintiff regarding these claims due to Plaintiff's undisputed failure to exhaust his administrative remedies.[8]

The Third Circuit has held that a Plaintiff whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless the Court finds bad faith, undue delay, prejudice, or futility. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004). We find futility of any amended pleading with respect to Plaintiff's negligence claims since the statute of limitations on such claims has expired. *See Braget*, 2011 WL 7658892, *6, n. 11(the statute of limitations for filing an administrative tort claim with the federal agency is two years after the cause of action arose and a Plaintiff must receive a final

---

[8]To the extent Plaintiff raises professional medical malpractice claims under state law against Defendants in this case, as Defendants point out, Plaintiff was required to file a Certificate of Merit ("COM") under Pennsylvania law pursuant to Pa.R.C.P. 1042.3(a)(1). A COM is required for a Pennsylvania professional negligence claim raised in a malpractice action. *See Santee v. U.S.*, Civil Action No. 3:CV-07-2207, September 30, 2008 Memorandum and Order (M.D. Pa.), 2008 WL 4426060 (M.D. Pa.). "The COM requirement is set forth in a procedural rule, but federal courts exercising diversity and supplemental jurisdiction have considered it substantive law that must be applied to claims under Pennsylvania law presented in federal court." *Booker v. U.S.*, 2009 WL 90129, *3 (citations omitted). The Third Circuit affirmed a case in the Middle District of Pennsylvania in which the District Court found that PA Rule 1042.3 is a rule of substantive state law and that Plaintiffs in federal court must comply with this rule. *See Perez v. Griffin*, 2008 WL 2383072 (M.D. Pa.), aff'd. 2008 WL 5351829 (3d Cir. 12-23-08); *Hodge v U.S. DOJ*, 372 Fed. Appx. 264, 267 (3d Cir. 2010) (A COM is required to state a medical negligence claim in federal court).

It is undisputed that Plaintiff did not file a COM in this case. Thus, we also find futility in allowing Plaintiff to amend his professional medical malpractice claims due to his failure to file a COM.

denial of the tort claim by the agency before filing suit in federal court under the FTCA).

Plaintiff also raises constitutional claims, including Eighth Amendment denial of medical care claims,  Fifth Amendment claims for alleged failure to provide Travis with proper medical care and treatment (Doc. 1, Count One), as well as a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.* (Doc. 1, Count Five).[9]  Plaintiff also raises a state law claim for intentional infliction of emotional distress ("IIED") (Doc. 1, Count Six).   As discussed, we shall recommend that Defendants be granted summary judgment with respect to Plaintiff's other state law claims.    We now discuss Plaintiff's ADA claim, Count Five.

Defendants state that "the ADA does not apply to the federal government, its agencies, or employees." (Doc. 38, p. 22)(citations omitted).   We agree with Defendants.

As stated, Plaintiff does not indicate if he sues the Defendants in both their personal capacities and their official capacities in his Complaint.  Also, as stated, Plaintiff seeks only monetary damages in his Complaint.

In *Carpenter v. Klopotoski*, 2010 WL 981825, *4 (M.D. Pa. 3-10-10), the Court stated:

> Title II of the Americans with Disabilities Act ("ADA") provides that "no
> qualified individual with a disability shall, by reason of such disability, be
> excluded from participation in or be denied the benefits of the services,

---

[9]Plaintiff incorrectly refers to asserting a claim under the Fourteenth Amendment in addition to the First, Fifth and Eighth Amendments.  (Doc. 1, p. 1).  Since Travis was a federal inmate and Plaintiff is complaining, in part, about violations of Travis' constitutional rights by federal officials, Plaintiff's claim under the Fourteenth Amendment is misplaced.  *See Cadmus v. U.S.*, 2009 WL 1532059, *5 (M.D. Pa. 6-1-09)(Court found that since Plaintiff was suing federal officials in *Bivens* action, Fourteenth Amendment was not applicable to his claims).

Also, as stated above, Plaintiff's Fifth Amendment claims should be dismissed with prejudice.  *See Rice v. Reynolds*, 2009 WL 839133, *6.  Additionally, we do not find that Plaintiff has stated a cognizable First Amendment claim.

19

programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. As used in Title II of the ADA, "public entity" is defined as: "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 103(8) of the Rail Passenger Service Act [49 U.S.C.S. § 24102(4) ] )." 42 U.S.C. § 12131(a). State prisons fall squarely within the statutory definition of "public entity" in Title II of the ADA. *Pennsylvania Dep't of Corrections v. Yeskey,* 524 U.S. 206, 210, 118 S.Ct. 1952, 141 L.Ed.2d 215 (1998). However, the plain language of §12132 applies only to public entities not individuals. *Yeskey v. Commonwealth,* 76 F.Supp.2d 572, 575 (M.D.Pa.1999) (holding that individuals are not liable under Title II because it prohibits discrimination in programs of a "public entity" or discrimination "by any such entity" and "public entity" is not defined in Title II to include individuals). None of the moving defendants qualify as a public entity. Therefore, the ADA is inapplicable to them and their motions to dismiss will be granted.

*See also George v. PA DOC,* 2010 WL 936778, *7.

To the extent that Plaintiff is raising a claim under Title II of the ADA, 42 U.S.C. §12132, the Court stated in *Wright v. Loftus,* Civil No. 09-1305, M.D. Pa., 11-20-09 Memorandum, p. 8:

Title II of the ADA prohibits a "public entity" from denying a qualified individual with a disability participation in the services, programs, or activities of that public entity, or access to public transportation. 42 U.S.C. §§ 12132, 12142, 12162.

None of the individual Defendants are public entities. *See Carpenter v. Klopotoski, supra;* *O'Donnell v. PA DOC,* 2010 WL 455246, *3 (M.D. Pa. 2-2-10). Thus, Title II of the ADA is not applicable to them. Further, as Defendants correctly state, "the ADA does not apply to the federal government, its agencies, or employees." *Howard v. Bureau of Prisons,* 2008 WL 318387, *9 (M.D.

Pa. 2-4-08)(citations omitted).[10]  Hence, the ADA does not apply to the individual Defendants and to the Defendant BOP.

Therefore, we will recommend that the Court dismiss with prejudice Plaintiff's ADA claim (Count Five) against all Defendants. Based on the above, we find futility of any amendment as to Plaintiff's ADA claim against Defendants. *See Alston, supra.*

To date, the only properly served individual Defendant is PA Steffan.  Pursuant to our above discussion, we find that only Plaintiff's constitutional claims against Defendant Steffan remain. Plaintiff essentially alleges that Defendant Steffan violated Travis' Eighth Amendment right to proper medical care for his serious cancer condition.  Plaintiff's constitutional claims against Defendant Steffan are brought as a *Bivens* civil rights action and this Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1331.  *See Oriakhi v. Wood*, *supra.; Latansio v. Sabol,* 2010 WL 4340394 (M.D. Pa. 10-26-10).    As relief in this action, Plaintiff requests monetary damages, both compensatory and punitive damages.[11]  (Doc. 1, p. 29).

Defendants argue that, based upon the undisputed evidence, Defendant Staffan lacked the requisite personal involvement with respect to treating Travis for his cancer condition while he was confined at FCI-Schuylkill.  We concur with Defendants.  As discussed above, to the extent Plaintiff contends that Defendants' summary judgment motion is premature since Defendants have not yet

---

[10]Defendants attached a copy of the *Howard* case to their reply brief, Doc. 38.

[11]As stated, in a *Bivens* suit, Plaintiff cannot sue the individual  federal Defendants for damages in their of official capacities.  *See Smith v. U.S.*, 2007 WL 7313360, *6, n. 13 (M.D. Pa.)(citation omitted); *Howard*, 2008 WL 318387, *4.  Thus, insofar as Plaintiff is seeking damages against the Defendants in their official capacities, we will recommend that the Court dismiss such claims  with prejudice.

answered his Complaint, discovery has not yet been completed and he did not receive Travis' BOP

medical records, we find no merit to Plaintiff's position because the record shows that Plaintiff did

not properly request Travis' records.  (Doc. 38-4, pp. 6-8).  Regardless, Defendants have now

submitted Travis' relevant medical records regarding the treatment Defendant Steffan provided to

Travis and Plaintiff has had ample opportunity to review them.  (Doc. 18-1, pp. 46-57).

It is well established that liability in a civil rights action must be based on the personal

involvement of the  prison official with the alleged constitutional violation. *See Rizzo v. Goode*, 423

U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976);

*Sutton v. Rasheed*, 323 F.3d 236, 249-250 (3d Cir. 2003);*Carpenter v. Kloptoski*, 2011 WL 995967,

*6 (M.D. Pa. 3-17-11).

In *O'Connell v. Sobina*, 2008 WL 144199, * 21 (W.D. Pa.), the Court stated:

> Personal involvement by a defendant can be shown by alleging either
> personal direction or actual knowledge and acquiescence in a
> subordinate's actions.  *Rode*, 845 F.2d at 1207.  "Allegations of
> participation or actual knowledge and acquiescence, however, must
> be made with appropriate particularity."  *Id.  See also Evancho v.
> Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).  Moreover, in order to maintain
> a claim for supervisory liability, a plaintiff must show: 1) that the
> supervising official personally participated in the activity; 2) that the
> supervising official directed others to violate a person's rights; or
> 3) that the supervising official had knowledge of and acquiesced in
> a subordinate's violations.  *See Robinson v. City of Pittsburgh*,
> 120 F.3d 1286, 1293 (3d Cir. 1997); *Baker v. Monroe Twp.*, 50 F.3d
> 1186, 1190-91 (3d Cir. 1995).

*See also Santiago v Warminister Tp.*, 2010 WL 5071779, * 5 (3d Cir. 12-14-10).

A denial of proper medical care claim involving a prisoner serving his sentence falls under

the Eight Amendment.  In *Carpenter,* 2011 WL 995967, *8,* the Court stated:

To demonstrate a prima facie case of Eighth Amendment cruel and unusual punishment based on the denial of medical care, plaintiff must establish that defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Durmer v. O'Carroll,* 991 F.2d 64, 67 (3d Cir.1993). There are two components to this standard: First, a plaintiff must make an "objective" showing that the deprivation was "sufficiently serious," or that the result of the defendant's denial was sufficiently serious. Additionally, the plaintiff must make a "subjective" showing that defendant acted with "a sufficiently culpable state of mind." *Wilson v. Seiter,* 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); *see also Montgomery v. Pinchak,* 294 F.3d 492, 499 (3d Cir.2002). The "deliberate indifference to serious medical needs" standard is obviously met when pain is intentionally inflicted on a prisoner, when the denial of reasonable requests for medical treatment exposes the inmate to undue suffering or the threat of tangible residual injury, or when, despite a clear need for medical care, there is an intentional refusal to provide that care. *See Spruill v. Gillis,* 372 F.3d 218, 235 (3d Cir.2004) (quoting *White v. Napoleon,* 897 F.2d 103, 109 (1990); *Monmouth County Corr. Inst. Inmates v. Lensario,* 834 F.2d 326, 346 (3d Cir.1987).

*See also Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

As stated above, Plaintiff must show that Defendant Steffan was personally involved with Travis' care for Travis' cancer condition with respect to the Eighth Amendment denial of medical care claim raised in this case. We agree with Defendants and find that the undisputed evidence shows that Defendant Staffan lacked sufficient personal involvement with Travis' treatment for his cancer condition during Travis' confinement at FCI-Schuylkill, as required in a *Bivens* action to hold Steffan liable.  (Doc. 18-1, pp. 43-57).   Since we have detailed above the evidence with respect to Defendant Steffan's treatment of Travis during Travis' confinement at FCI-Schuylkill, we do not repeat it.  Suffice to say the evidence shows that Defendant Steffan was not Travis' primary care provider during Travis' confinement at FCI-Schuylkill and that Defendant Steffan did not treat Travis for his cancer condition during Travis' confinement at FCI-Schuylkill.  (*Id.*).   Defendant Steffan only treated Travis three times during Travis' confinement at FCI-Schuylkill and, as

23

discussed above, none of this treatment was related to Travis' cancer condition.  (*Id*.).

Thus, we shall recommend that Defendants' Summary Judgment Motion be granted with respect to Defendant Steffan and, that Judgment be entered in favor of Defendant Steffan and against Plaintiff.  Since we find the undisputed evidence shows that Defendant Steffan lacked sufficient personal involvement with Travis' treatment for his cancer condition during Travis' confinement at FCI-Schuylkill, we do not address Defendants' argument that Steffan is also entitled to qualified immunity.  *See Rice v. Reynolds*, 2009 WL 839133, *7(citations omitted).

We now consider Defendants' Motion to Dismiss the remaining individual Defendants, namely, Sneizek, Hendershot, Falzini, Hubble and Zabala,  former employees at FCI-Schuylkill, who have, without dispute, not been properly served. Since Plaintiff seeks money damages against Defendants in his Complaint, as noted above, he can only sue the individual Defendants in their personal capacities and not in their official capacities.  *See Manning v. Flock*, 2012 WL 1078227, *3 (M.D. Pa. 3-30-12)(citations omitted).   Thus, Plaintiff was required to serve the stated five individual Defendants in accordance with Fed.R.Civ.P. 4(i)(3).  *See Wadhwa v. Nicholson*, 2009 WL 1119509, *3 (E.D. Pa. 4-24-09).

Defendants contend that Sneizek, Hendershot, Falzini, Hubble and Zabala should be dismissed from this action under Rules 4(m) and 12(b)(5) due to Plaintiff 's failure to serve them with his Complaint.   Defendants correctly state that Defendants Sneizek, Hendershot, Falzini, Hubble and  Zabala "have not been personally served and there is no indication that any of these individuals are aware of the serious allegations that Plaintiff has raised against them."  (Doc. 38, p. 21).  Defendants also correctly state that the 120-day period permitted by Rule 4(m) has twice

expired in this action with respect to Defendants Sneizek, Hendershot, Falzini, Hubble and Zabala, and that nonetheless Plaintiff has still failed to properly serve them.

The Court in *Mathies v. Silver*, 450 Fed.Appx. 219, 221-22 (3d Cir. 2011) stated:

> A plaintiff to a civil action in federal court must complete service of his complaint within 120 days of filing or within a period prescribed by the District Court. *See* Fed.R.Civ.P. 4(m). If the plaintiff fails to complete service within the specified time, Rule 4(m) requires the District Court to determine whether the plaintiff has shown good cause for the failure. *See Boley v. Kaymark,* 123 F.3d 756, 758 (3d Cir.1997). If so, the District Court must grant an extension to effect service; if not, the District Court may either dismiss the complaint or grant a discretionary extension. *See id.*
>
> *****************************************************************
>
> Rule 4(i)(3) requires that a plaintiff suing a federal employee in his individual capacity also serve the United States, which is accomplished by delivering a copy of the summons and the complaint by certified mail to: (1) the civil-process clerk at the United States Attorney's Office for the district in which the action was brought, and (2) the Attorney General of the United States in Washington, DC. *See* Fed.R.Civ.P. 4(i)(1). Because *Bivens* only authorizes suits against federal officials in  their individual capacities, *see FDIC v. Meyer*, 510 U.S. 471, 473, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994), [Plaintiff]  was required to complete service pursuant to Rule (4)(i)(3); *see also Kurzberg v. Ashcroft*, 619 F.3d 176, 178 (2d Cir.2010)(*Bivens* plaintiffs must serve process on both the  individual defendants and the United States).

(Footnote omitted).

Thus, under Rule 4(i)(3), Plaintiff was required to serve the United States as  well as Defendants Sneizek, Hendershot, Falzini, Hubble and  Zabala as specified in Rule 4(e).  "Rule 4(e) allows service upon an individual by in-person delivery, delivery to a person of suitable age or discretion at the individual's home, or delivery to an agent authorized by appointment or by law to receive service of process.  Fed.R.Civ.P. 4(e)(2)."  *Wadhwa v. Nicholson*, 2009 WL 1119509, *3.

Additionally, Plaintiff could have served Defendants Sneizek, Hendershot, Falzini, Hubble and Zabala pursuant to Pa.R.Civ.P. 402 which permits "service upon an individual by delivery at 'any office or usual place of business of the Defendant to his agent or to the person for the time being in charge thereof.' Pa.R.Civ.P. 402(a)(2)(iii)."   *Wadhwa v. Nicholson*, 2009 WL 1119509, *3. "[T]he phrase 'office or usual place of business of the Defendant' refer[s] to a place where the Defendant has a 'proprietary interest' and not where the Defendant is 'merely an employee.'" *Id*. at * 4(citations omitted).   Rules 4(i)(3) and 4(e) do not allow service by certified mail on a federal employee sued in his or her individual capacity. *Id*. at *4, n. 10.

It is now over 16 months since Plaintiff filed this case.  We agree with Defendants that Plaintiff has failed to show good cause for his continued failure to effect service upon Defendants Sneizek, Hendershot, Falzini, Hubble and Zabala.  We also find that Plaintiff has needlessly caused the delay of this case proceeding forward and that Defendants Sneizek, Hendershot, Falzini, Hubble and  Zabala have been greatly prejudiced by the lack of service upon them. *See Barndt v. PA Dept. of Corrections*, 2011 WL 4830184, *2 (M.D. Pa. 8-29-11) adopted by 2011 WL 4830167 (M.D. Pa. 10-12-11).   Indeed, the witnesses and the recollections of these Defendants will undoubtedly have faded due to Plaintiff 's failure to serve them in a timely manner.  Also, Plaintiff has not moved for an enlargement of time to serve Defendants Sneizek, Hendershot, Falzini, Hubble and Zabala.

Further, Plaintiff has been on notice for some time now that Defendants Sneizek, Hendershot, Falzini, Hubble and Zabala were not properly served, and yet he has done nothing to effectuate proper service upon these Defendants.  Additionally, we take judicial notice that

Plaintiff's counsel, Larrick Stapleton, has represented other Plaintiffs in *Bivens* actions in federal court and as such, he had prior notice of how to properly serve the individual Defendants who were employed by the BOP. *See Rice v. Reynolds*, 2009 WL 839133 (E.D. Pa. 3-27-09).

Plaintiff paid the filing fee and he is represented by experienced counsel and, as mentioned, it was incumbent on Plaintiff to properly serve all of his Defendants. We agree with Defendants and find that Plaintiff has not shown good cause for his failure to properly serve Defendants Sneizek, Hendershot, Falzini, Hubble and Zabala, and we shall recommend that these five Defendants be dismissed from this action without prejudice, under Fed.R.Civ.P. 4(m), due to Plaintiff's failure to properly serve them within the required time. There is no question that Plaintiff knew Defendants Sneizek, Hendershot, Falzini, Hubble and Zabala were no longer employed at FCI-Schuylkill when he filed this action on December 28, 2010. (Doc. 1, ¶'s 8-13). There is no question that Plaintiff tried to serve Defendants Sneizek, Hendershot, Falzini, Hubble and Zabala at FCI-Shcuylkill on February 10, 2011, and that such service was improper since they were no longer employed at this prison. Defendants' counsel advised Plaintiff 's counsel of this fact on June 17, 2011. (Doc. 8). Subsequently, Plaintiff served Defendants BOP and Steffan. As mentioned, we issued an Order and substituted the United States as the proper Defendant in place of the BOP with respect to Plaintiff 's claims under the FTCA. (Doc. 16). Defendants United States and Steffan then filed the Doc. 17 Motion at issue herein. The summonses were re-issued on July 15, 2011, so that Plaintiff could properly serve Defendants Sneizek, Hendershot, Falzini, Hubble and Zabala. However, another 120 days have lapsed and Plaintiff still has not properly served Defendants Sneizek, Hendershot, Falzini, Hubble and Zabala. As Defendants state, "Plaintiff has not

demonstrated that he served the remaining Defendants, that he tried to locate these Defendants, that any of these Defendants tried to thwart service, and Plaintiff has not requested an extension of time to effect service." (Doc. 38, p. 18).

Further, insofar as Plaintiff contends that his counsel contacted Michael Tafelski, BOP Northeast Regional Counsel, about serving Defendants Sneizek, Hendershot, Falzini, Hubble and Zabala, Tafelski avers that he "would not have told Plaintiff's counsel that service of process had to go through [his] office and be personally served by a state sheriff." (Doc. 38-4, p. 4). Tafelski also avers that "[u]pon receipt of an inquiry regarding proper service of process of individual Defendant's (sic) at a BOP facility, I would have referred the person to contact the attorney or legal staff responsible for handling the legal matters for the institution where the staff are currently or were formerly employed." (*Id*.). Tafelski further states that he informs the person that he does not provide legal advice as to what is proper service of BOP staff under Rule 4. (*Id.*). Additionally, since Plaintiff's counsel has represented other Plaintiffs in *Bivens* actions in federal court, he knew or should have known how to properly serve Defendants Sneizek, Hendershot, Falzini, Hubble and Zabala. *See Rice v. Reynolds*, 2009 WL 839133 (E.D. Pa. 3-27-09).

It has been well over 120 days (*i.e.* over 16 months) since Plaintiff filed his Complaint. (Doc.1). As stated, Plaintiff was afforded ample opportunities to properly serve Defendants Sneizek, Hendershot, Falzini, Hubble and Zabala. We find that Plaintiff has failed to show good cause why he has not properly served these five Defendants and that they should be dismissed under Rule 4(m). We do not find that Plaintiff's explanation for his failure to properly serve Defendants Sneizek, Hendershot, Falzini, Hubble and Zabala demonstrates good cause especially since it has

now been over 16 months.  (Doc. 26, pp. 6-8).  This case cannot go forward due to Plaintiff's failure to serve Defendants Sneizek, Hendershot, Falzini, Hubble and  Zabala. As the Court stated in *Barndt v. PA Dept. of Corrections*, 2011 WL 4830184, *2, "such dismissal orders are frequently issued when a court if confronted by a litigant who persistently refuses to timely file and serve pleadings."(citing, in part, *Tillio v. Mendelsohn*, 265 Fed. Appx. 509 (3d Cir. 2007).)(other citations omitted).   Additionally, "where there is an unjustified and unexcused failure to timely serve a Complaint the court 'must dismiss the action.'" *Id*.

Rule 4(m) of the Federal Rules of Civil Procedure provides that, "[i]f a Defendant is not served within 120 days after the complaint is filed,  the court – on motion or on its own  after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Fed.R.Civ.P. 4(m).  *See also Phillips v. Miller*, 2010 WL 771793, *1 & *6 (M.D. Pa.).   Good cause can be shown by reasonableness of Plaintiff's effort to serve Defendants, the prejudice Defendant suffers by the lack of timely service,  whether Plaintiff filed a motion for an extension of time to effectuate service, and whether the statute of limitations will bar the Plaintiff 's claims if the case is dismissed.  *See Mathies v. Silver*, 450 Fed.Appx. at 222(citation omitted).  Good cause is equated to "excusable neglect ..., which requires a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules."  *Id*.(citation omitted).

As discussed, we agree entirely with Defendants (Doc. 38, pp. 11-17) and find, based upon the above factors, that Plaintiff has not shown good cause for his failure to serve the Defendants Sneizek, Hendershot, Falzini, Hubble and Zabala.  It has been well over 16 months since Plaintiff filed his Complaint, and these five Defendants have been prejudiced by Plaintiff's delay in failing to properly serve them.   Thus, we find that dismissal of Defendants Sneizek, Hendershot, Falzini, Hubble and Zabala is appropriate.  *Barndt v. PA Dept. of Corrections*, 2011 WL 4830184, *3(citing *Beckerman v. Susquehanna Twp. Police*, 254 Fed. Appx. 149, 154 (3d Cir. 2007).

Since Plaintiff has not properly served these five Defendants, his case cannot proceed. Because we agree with Defendants that Plaintiff has not shown good cause for his failure to properly serve Defendants Sneizek, Hendershot, Falzini, Hubble and Zabala, we shall recommend these five Defendants be dismissed without prejudice under Rule 4(m).   While we recommend that Defendants Sneizek, Hendershot, Falzini, Hubble and  Zabala be dismissed without prejudice under Rule 4(m), the dismissal of these Defendants is essentially with prejudice since  it appears that the two-year statute of limitations for Plaintiff's constitutional claims against these Defendants under *Bivens* has expired.   *See Mathies v. Silver*, 450 Fed. Appx. 219, 220, n. 1 (3d Cir. 2011). A constitutional claim under *Bivens*  is subject to Pennsylvania's two-year statute of limitations for personal injury actions.  *See Reynolds v. Federal Bureau of Prison*, 2010 WL 281663, *3 (E.D. Pa. 7-15-10)(citing *Bougher v. Univ. of Pisttsburgh*, 882 F. 2d 74, 79 (3d Cir. 1989)).

Finally, with respect to Plaintiff's Pennsylvania state law IIED claim (Count Six, Doc. 1, p. 26), this is a tort claim which must be brought only against the United States under the FTCA.[12]   As discussed, Plaintiff indicates that he is not proceeding with his FCTA claims in this case.   Further, Plaintiff has not filed a tort claim with the BOP and he has not exhausted his administrative remedies as required by the FTCA.   As such, Plaintiff's IIED claim (Count Six) should be dismissed with prejudice.

Thus, we shall recommend that the Court dismiss with prejudice Plaintiff's Pennsylvania state law IIED claim (Count Six, Doc. 1, p. 26).

---

[12]Under Pennsylvania law, to state an IIED claim, Plaintiff must allege extreme and outrageous conduct which intentionally or recklessly causes him severe emotional distress.  *See Killen v. Northwestern Human Services, Inc.*, 2007 WL 2684541, *9 (E.D. Pa.)(citations omitted); *Levingston v. Borough of Edgewood*, 2008 WL 5101478, *6 (E. D. Pa. 11-26-08)(citations omitted).  Pennsylvania law requires "'some type of physical harm due to the Defendant's outrageous conduct' to satisfy the severe emotional distress element." *Id*.(citations omitted).  Under Pennsylvania law, to state an IIED claim "Defendants' conduct must be 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Hines v. Proper*, 442 F. Supp. 2d 216, 224 (M.D. Pa. 2006) citing Restatement Second of Torts §46, comment (d)(1965).  "In addition, Pennsylvania requires that competent medical evidence support a claim of alleged intentional infliction of emotional distress." *Id*. (citation omitted). "Finally, Pennsylvania law requires some type of physical harm due to the Defendant's outrageous conduct to satisfy the severe emotional distress element."  *DiLoreto v. Costigan*, 600 F.Supp.2d 671, 691 (E.D. Pa. 2009) (citations omitted).

## VI. Recommendation.

Based on the foregoing, it is respectfully recommended that Plaintiff's claims for damages with respect to his constitutional claims under *Bivens* that are asserted against Defendants in their official capacities be dismissed with prejudice.  It is recommended that all of Plaintiff's constitutional claims under §1983 contained in Count One be dismissed with prejudice.   It is recommended that all of Plaintiff's constitutional claims under the Fifth Amendment  contained in Count One be dismissed with prejudice.  It is recommend that Defendants' **Doc. 17** Motion to Dismiss all of Plaintiff's negligence claims, including Plaintiff's claims under the FTCA and Plaintiff's state law negligence claims, namely, Counts Two, Three, Four, Six, Seven, Eight and Nine, be granted and that these claims be dismissed with prejudice.  Additionally, it is recommend that the Court dismiss with prejudice Plaintiff's ADA claim (Count Five) against all Defendants.

Further, it is recommended that Defendant BOP and Defendant United States be dismissed with prejudice.  It is also recommended that Defendants' Motion for Summary Judgment **(Doc. 17)** with respect to Defendant Steffan be granted, and that Judgment be entered in favor of Defendant Steffan and against Plaintiff.

Additionally, it is recommended that Defendants' Motion to Dismiss **(Doc. 17)** Defendants Sneizek, Hendershot, Falzini, Hubble and Zabala be granted, and that Defendants Sneizek, Hendershot, Falzini, Hubble and Zabala be dismissed without prejudice under Rule 4(m).

Finally, it is recommended that the Court close this case.




**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: May 8, 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WINFRED TRAVIS, | : | CIVIL ACTION NO. **3:CV-10-2653** |
| Administratrix of the Estate of | : | |
| Wilfred Travis, Deceased | : | |
| Plaintiff | : | (Judge Kosik) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| T.R. SNIEZEK, WARDEN, | : | |
| FCI Schuylkill, et al., | : | |
| | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **May 8, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within fourteen (14)
days after being served with a copy thereof.  Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections.  The briefing
requirements set forth in Local Rule 72.2 shall apply.  A judge shall
make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge.  The judge, however,
need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis
of that record.  The judge may also receive further evidence, recall
witnesses or recommit the matter to the magistrate judge with
instructions.


**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: May 8, 2012**